UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAROLYN G. RYCROFT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:19-00225-JCM-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App – ECF No. 1) |

Plaintiff Carolyn G. Rycroft has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) along with a proposed complaint (ECF No. 1-1). The application and complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Ms. Rycroft's application includes the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* ("IFP") will be granted. The court will now review the proposed complaint.

**II.  SCREENING THE COMPLAINT**

**A.  Legal Standards**

After granting a request to proceed IFP, federal courts must screen a complaint and any amended complaints before allowing a case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks money from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed

1

to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A screening under Rule 12(b)(6) is essentially a ruling on a question of law. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the claim alleged. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Iqbal*, 556 U.S. at 678.

Here, Ms. Rycroft challenges a decision by the Social Security Administration ("SSA") denying her supplemental security income under Title XVI of the Social Security Act. Compl. ¶ 3. To state a valid benefits claim, a complaint must give the Commissioner fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (noting that a complaint must contain sufficient factual allegations "to enable the opposing party to defend itself effectively"). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015). To do so, a complaint should state *when* and *how* a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including the date she claims she became disabled. The complaint should also contain a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009), *aff'd*, 433 F. App'x 462 (7th Cir. 2011).

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

2

**B. Exhaustion of Administrative Remedies**

Before a plaintiff can sue the Commissioner in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies an application for disability benefits, a claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines review, a claimant may then request review by the United States District Court. 20 C.F.R. §§ 404.981, 416.1481.

A civil action for judicial review must be filed within 60 days after receipt of the Appeals Council's notice of a final decision. *Id.*; 42 U.S.C. § 405(g); 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received by mail within five days of the date on the notice unless shown otherwise. 20 C.F.R. §§ 416.1401, 422.210(c). Thus, an action commenced within 65 days is presumed timely. *Id*. If a claimant does not file a civil action within the allowed time frame, he or she loses the right to judicial review. 20 C.F.R. § 404.900(b). The civil action must be filed in the judicial district in which the claimant resides. 42 U.S.C. § 405(g).

In this case, Ms. Rycroft alleges that on December 10, 2018, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner. Compl. ¶ 8. Thus, it appears she has exhausted her administrative remedies. She timely commenced this action as the complaint was filed on February 6, 2019, and the complaint indicates that she resides within the District of Nevada. *Id*. ¶ 1. Accordingly, Ms. Rycroft has satisfied these prerequisites for judicial review.

**C. Grounds for Ms. Rycroft's Appeal**

The complaint seeks judicial review of the Commissioner's final decision and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative

remedies and timely filed a civil action. However, judicial review of the Commissioner's final decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In her complaint, Ms. Rycroft alleges the ALJ found her to have the severe impairments of spine disorders, dysfunction of the major joints, and affective disorder. *Id*. ¶ 9(d). Despite her severe impairments, the ALJ determined that Rycroft had the residual functional capacity to perform a limited range of light work such that she may:

> lift and/or carry up to 20 lbs. occasionally and up to 10 lbs. frequently, sit about 6 hours in an 8-hour day and stand or walk about 6 hours in an 8-hour workday, occasionally climb ladders, ropes or scaffolds and frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl; cannot do sustained overhead reaching and needs to avoid hazards; and is limited to unskilled work with occasional contact with the public.

*Id*. ¶ 9(e). The ALJ found that Ms. Rycroft could not perform her past relevant work but could perform alternative work in light of the assessed residual functional capacity. *Id*. ¶ 9(f).

Ms. Rycroft alleges that the ALJ's decision lacks the support of substantial evidence for two reasons. The ALJ committed legal error by improperly rejecting the treating physician's opinion regarding Rycroft's residual functional capacity, which does not allow for the performance of the alternative work. *Id*. ¶ 9(h). The ALJ further erred by improperly rejecting Rycroft's testimony regarding pain, symptoms, and limitations. *Id*. The complaint contains sufficient factual allegations to give the Commissioner fair notice of Ms. Rycroft's disagreement with the final decision. Accordingly, the complaint states a plausible claim for initial screening purposes.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Carolyn G. Rycroft's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. She will not be required to pay the $400 filing fee.
2. Ms. Rycroft is permitted to maintain this action to conclusion without prepaying any fees or costs or giving security therefor. However, this Order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of Court shall **FILE** the Complaint.

4. The Clerk of Court shall **ISSUE SUMMONS** to the United States Attorney for the District of Nevada and **DELIVER** the summons and Complaint to the U.S. Marshal for service.

5. The Clerk of Court shall also **ISSUE SUMMONS** to the Commissioner of Social Security and Attorney General of the United States.

6. Rycroft shall **SERVE** the Commissioner of Social Security by sending a copy of the summons and Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 800, San Francisco, California 94105-1545; and (2) Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

7. Following the Commissioner's filing of an answer, the court will issue a scheduling order setting a briefing schedule.

8. From this point forward, Ms. Rycroft shall serve upon Commissioner or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document filed with the Clerk of Court pursuant to LR IC 1-1 and 4-1 of the Local Rules of Practice. In accordance with LR IC 4-1(d), the parties shall include with each filing a certificate of service stating that a true and correct copy of the document was served on an opposing party or counsel for an opposing party and indicating how service was accomplished. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of Court, and any paper received by a district judge, magistrate judge, or the Clerk of Court that fails to include a certificate of service.

Dated this 13th day of February, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE